**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KACEY B. ROUSEY,                                )
                                                )
    Plaintiff,                                  )
                                                )
vs.                                             )    Civil Case No. *05-4179-JP6*
                                                )
THE CITY OF JOHNSTON CITY, and                  )    **JURY TRIAL DEMANDED**
TONY L. KENDRICK, Johnston City Police          )
Officer, in his individual and official capacity, )
                                                )
    Defendants.                                 )

**COMPLAINT**

NOW COMES Plaintiff, Kacey B. Rousey, by and through his attorneys,

Jonathan R. Oliver and Michael W. Maurizio of Michael W. Maurizio & Associates, and

complains against Defendants The City of Johnston City and Tony L. Kendrick, in his

individual and official capacity, as follows:

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to 42 U.S.C. § 1983, and jurisdiction of

this Court is invoked under 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the

pendent jurisdiction of this Court to hear and decide claims arising under state law.

2.     Venue lies in the Southern District of Illinois pursuant to 28 U.S.C. §

1391(b) because it is where a substantial part of the events or omissions giving rise to the

claims herein occurred and because it is where all Defendants reside or can be found.

**PARTIES**

3.     Plaintiff, KACEY B. ROUSEY, (hereafter "Rousey") is a citizen of the

United States and a resident of Marion, Williamson County, State of Illinois.

4. Defendant THE CITY OF JOHNSTON CITY (hereafter "Johnston City") is a unit of local government in Williamson County, Illinois, which operates and maintains the Johnston City Police Department and the Johnston City Police and Fire Merit Board.

5. Defendant TONY L. KENDRICK (hereafter "Kendrick") is and was at all relevant times a Police Officer for Johnston City. Upon information and belief, Kendrick is a resident of Williamson County, Illinois. Kendrick is sued in both his individual and official capacities.

6. At all times relevant to the allegations of this Complaint and in all actions of the Defendants alleged, Defendants were acting under color of law and pursuant to their authorities pursuant to their official capacities as alleged above.

## COMMON ALLEGATIONS

7. Despite knowledge of Kendrick's past employment problems with other police departments and his failure to meet the standards for employment through the Johnston City Police and Fire Merit Board, Johnston City employed Kendrick as a police officer.

8. Despite repeated complaints and other incidents, including complaints and incidents of abusive, inappropriate, and/or excessive behavior by Kendrick, Johnston City continued to employ Kendrick as a police officer from the date of his hiring until the time of the actions complained of herein, and they continue to do so.

9. On September 10, 2004, Rousey was walking along side a public road in Johnston City.

10. At the aforesaid time and place, Kendrick pulled up behind Rousey in his police cruiser and demanded to know why Rousey was walking along side said road.

11. In response to Kendrick's demand, Rousey stated to Kendrick that he had walked to a local convenience store to get something to eat and that he was walking back to a friend's residence where he was visiting.

12. Kendrick then ordered Rousey to place his hands on the hood of the police cruiser and then asked Rousey for a form of identification. Rousey explained to Kendrick that he did not have identification.

13. Kendrick then reached into the pockets of Rousey's pants and pulled out two sandwiches and placed them on the hood of the cruiser. Kendrick had not and did not perform a touch search on the outside of Rousey's clothing, and Rousey had complied fully with Kendrick's requests for information and Kendrick's request to face the police cruiser and to place his hands on the police cruiser.

14. Upon removing the sandwiches, Kendrick stated to Rousey that he was under arrest for underage consumption of alcohol and then seized Rousey's wrists and began to place handcuffs on him.

15. Kendrick lacked sufficient cause and reason to detain, search, and seize Rousey.

16. While handcuffing Rousey, Kendrick, without sufficient cause or provocation and with unreasonable and unnecessary force, threw Rousey to the ground and dropped on top of him, holding Rousey to the ground while putting him in restraints.

17. After Rousey had been handcuffed and placed in Kendrick's police cruiser, Kendrick opened the door to the cruiser, seized Rousey by the ankle area of his

body, and pulled Rousey from the car with one forceful pull, causing Rousey to come from the car, unsupported, and land on his back, with the back of his head striking the pavement. Kendrick's actions in this regard were taken without sufficient cause and provocation and were unreasonable and unnecessary.

18.    At some point in time following the aforesaid actions, Kendrick transported Rousey to the Johnston City Police Department, led Rousey inside the police department, placed Rousey in a chair, and assumed a seat at a desk.

19.    Following a verbal exchange in which Rousey protested to Kendrick about his arrest and treatment, Kendrick left the desk at which he was seated, approached the chair in which Rousey was seated, and, using the handcuffs fastened around Rousey's wrists and secured behind his back, lifted Rousey from his chair and stated in a threatening manner that the handcuffs could be removed so as to allow a physical altercation between them. Kendrick's actions in this regard were taken without sufficient cause and provocation and were unreasonable and unnecessary.

20.    At some point in time following the aforesaid actions, Kendrick led Rousey from the police department and into the hallway that leads to the exit door of the building. While leading Rousey down this hallway, with his hand gripped around Rousey's arm and while Rousey remained in handcuffs, Kendrick repeatedly forced Rousey to collide back-and-forth with the walls of the hallway. Kendrick's actions in this regard were taken without sufficient cause and provocation and were unreasonable and unnecessary.

21.    Throughout all the aforesaid events, Kendrick used unwarranted and excessive force against Rousey designed to inflict pain and injuries, both physically and emotionally, upon Rousey.

22.    Kendrick's actions against Rousey were unwarranted and excessive and were taken while Rousey was in restraints or being restrained and not posing a physical threat or physically resisting Kendrick's authority.

23.    Prior to hiring Kendrick, Johnston City knew of past disciplinary problems regarding Kendrick's performance as a police officer in other local governmental units, including acts of physical violence, and knew he did not meet the standards for employment as set forth by Johnston City's Police and Fire Merit Board.

24.    After hiring Kendrick and up to and including the events complained of herein, Johnston City received and knew of complaints and instances of abusive conduct by Kendrick, including instances of threats of and use of excessive physical force, and failed to investigate and/or act on the same, to appropriately discipline Kendrick for the same, or to discharge Kendrick for the same.

25.    At all times alleged herein, Johnston City acquiesced in and deliberately ignored Kendrick's misconduct and use of excessive force.

26.    As a result of the unlawful and willful acts, complained of herein, Rousey has suffered physical injuries and has and will continue to suffer humiliation, embarrassment, and emotional distress.

## COUNT I

**(42 U.S.C. § 1983)**
**(The City of Johnston City and Tony L. Kendrick)**

27.    Rousey repeats and realleges Paragraphs 1 through 26 as though fully set forth herein.

28.    Kendrick, acting as a police officer for Johnston City, was at all times relevant hereto acting under color of state law.

29.    It was the policy, practice, and custom of Johnston City to undertake and/or deliberately ignore and acquiesce in the acts and omissions alleged herein.

30.    This policy and practice of Johnston City encouraged and caused violation by Kendrick of the constitutional rights of Rousey to be free from unreasonable search and seizure as described in the foregoing paragraphs.

31.    As a result of these acts, Rousey has suffered great pain, both physically and mentally, and deprivation of liberty.

32.    The acts of Kendrick described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of Rousey's rights under the Constitution and in contravention of the letter and spirit of 42 U.S.C. § 1983.

33.    The acts of Johnston City described above were all performed under color of state law with willful and wanton disregard of Rousey's rights under the Constitution and in contravention of the letter and spirit of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, Kacey B. Rousey, prays for the following relief:

(A)    A judgment finding Defendants The City of Johnston City and Tony L. Kendrick, each individually and in their official capacity,

violated Plaintiff's rights guaranteed to him by the United States

Constitution;

(B)    Award compensatory damages in an amount to be proved at trial;

(C)    Award punitive damages in an amount to be determined at trial;

(D)    Award attorney's fees and costs; and

Award any other relief the Court deems just and proper.

## COUNT II
### (State Law Claim for Battery against Tony L. Kendrick and The City of Johnston City)

34.    Rousey repeats and realleges Paragraphs 1 through 26.

35.    As a result of the acts alleged herein, Rousey suffered a harmful and offensive contact to his person that was intentionally delivered by Kendrick with intent to cause such contact and to cause injury.

36.    In performing the acts alleged herein, Kendrick was acting within the scope of his employment as a police officer for Johnston City and was acting in a manner which Johnston City knew, or should have known, he was prone to act and/or which Johnston City condoned or to which Johnston City was deliberately indifferent.

37.    As a result of these acts, Rousey has suffered great pain, both physical and mental.

WHEREFORE, Plaintiff, Kacey B. Rousey, prays for the following relief:

(A)    A judgment finding Defendants Tony L. Kendrick and Johnston City liable to Plaintiff for the tort of Battery;

(B)    Award compensatory damages in an amount to be proved at trial;

(C)    Award punitive damages in an amount to be determined at trial; and

(D)    Any other relief the Court deems just and proper.

## COUNT III
### (State Law Claim for Negligent Hiring and Retention against The City of Johnston City)

38.    Rousey repeats and realleges Paragraphs 1 though 26 as though fully set forth herein.

39.    Johnston City in hiring and/or retaining Kendrick knew, or should have known, that Kendrick was unfit for the position for which he was hired and that his service in such a position created a danger of harm to third persons, including Rousey.

40.    As a result of these acts, Rousey has suffered great pain, both physical and mental.

WHEREFORE, Plaintiff, Kacey B. Rousey, prays for the following relief:

(A)    A judgment finding Defendant The City of Johnston City liable to Plaintiff for the tort of Negligent Hiring and Retention;

(B)    Award compensatory damages in an amount to be proved at trial;

(C)    Award punitive damages in an amount to be determined at trial; and

(D)    Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by a jury of twelve (12) in this cause.

Respectfully submitted,
PLAINTIFF, KACEY B. ROUSEY

By: _____
Jonathan R. Oliver
One of Plaintiff's Attorneys

Michael W. Maurizio & Associates
     Michael W. Maurizio #6186837
     Jonathan R. Oliver #6278164
1903 W. Main Street/P.O. Box 1849
Marion, Illinois 62959
Telephone No. 618/998-1515
Facsimile No. 618/998-1415
Email: joliver@mauriziolaw.com
Email: mmaurizio@mauriziolaw.com