IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KACEY B. ROUSEY,                              )
                                             )
                         Plaintiff,          )
                                             )
              v.                             )        No.   05-4074-JPG
                                             )
THE CITY OF JOHNSTON CITY,                   )
TONY L. KENDRICK, Johnston City              )
Police Officer, in his individual and        )
official capacity,                           )
                                             )
                         Defendants.         )

### *ANSWER TO COMPLAINT*

NOW Comes the Defendant, The City of Johnston City, by Bleyer and Bleyer, its

attorneys, and for its Answer to Plaintiff's Complaint, says:

### *JURISDICTION AND VENUE*

1.      Defendant, The City of Johnston City, admits that the Plaintiff has brought his

action under 42 U.S.C. § 1983 and this court would have jurisdiction over such actions pursuant

to 28 U.S.C. §1331 and 1334.   Further, the Defendant, The City of Johnston City, admits that the

Plaintiff is attempting to invoke pendent jurisdiction of this Court to hear state claims; however,

The City of Johnston City denies that the Plaintiff is entitled to recover on his claims under 42

U.S.C. §1983 or his state law claims and further the Defendant, The City of Johnston City, denies

that it is liable to the Plaintiff.

2.      Defendant, The City of Johnston City, admits that venue is proper in the Southern

District of Illinois Pursuant to 28 U.S.C. § 1391(b) but the Defendant, The City of Johnston City,

denies that it is liable to the Plaintiff and further denies that the Plaintiff is entitled to recover

against this Defendant.

## *PARTIES*

3.    Defendant, The City of Johnston City, admits the allegations of Paragraph 3.

4.    Defendant, The City of Johnston City, admits the allegations of Paragraph 4.

5.    Defendant, The City of Johnston City, admits the allegations of Paragraph 5.

6.    Defendant, The City of Johnston City, admits that Tony Kendrick was acting under color of law pursuant to his authority as a police officer of Johnston City but denies that the Defendant, The City of Johnston City is liable to the Plaintiff and further denies the allegations set forth in the Plaintiff's Complaint.

## *COMMON ALLEGATIONS*

7.    Defendant, The City of Johnston City, admits that Tony Kendrick was employed as a police officer for The City of Johnston City but otherwise denies each and every allegation of Paragraph 7.

8.    Defendant, The City of Johnston City, admits that Tony Kendrick was a police officer for The City of Johnston City but otherwise denies each and every allegation of Paragraph 8.

9.    Defendant, The City of Johnston City, denies each and every allegation of Paragraph 9.

10.    Defendant, The City of Johnston City, admits that Tony Kendrick pulled his squad car near the Plaintiff but otherwise denies each and every remaining allegation of Paragraph 10.

11.    Defendant, The City of Johnston City, admits that the Plaintiff stated in slurred manner that he was walking to a friend's house but otherwise denies each and every remaining allegation of Paragraph 11.

12.    Defendant, The City of Johnston City, denies each and every allegation of

Paragraph 12.

13. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 13.

14. Defendant, The City of Johnston City, admits that Tony Kendrick placed the Plaintiff under arrest for underage consumption of alcohol but otherwise denies each and every remaining allegation of Paragraph 14.

15. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 15.

16. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 16.

17. Defendant, The City of Johnston City, admits that the Defendant, Tony Kendrick placed the Plaintiff under arrest, handcuffed him and placed him in the back of his squad car. At that time the Plaintiff began kicking the back seat and the driver's side door and windows three times with his feet. The Defendant, The City of Johnston City further admits that the Defendant, Tony Kendrick, in response to the Plaintiff's action opened the door and the Plaintiff began to kick Tony Kendrick at which time the Defendant, Tony Kendrick took control of the Plaintiff's foot to restrain the Plaintiff, but the Plaintiff pulled away; the Defendant, Tony Kendrick then pulled the Plaintiff out of the squad car in order to further restrain the Plaintiff otherwise the Defendant denies each and every remaining allegation of Paragraph 17.

18. Defendant, The City of Johnston City admits the allegations of Paragraph 18.

19. Defendant, The City of Johnston City denies each and every allegation of Paragraph 19.

20. Defendant, The City of Johnston City, admits that Tony Kendrick led the Plaintiff

from the Police Department into a hallway and to the exit door of the building but otherwise denies each and every allegation of Paragraph 20.

21. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 21.

22. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 22.

23. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 23.

24. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 24.

25. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 25.

26. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 26.

*COUNT I*

27. Defendant, The City of Johnston City, repeats and realleges its answers to Paragraphs 1 through 26 as and for its Answer to Paragraph 27 of Count I of the Plaintiff's Complaint.

28. Defendant, The City of Johnston City, admits the allegations of Paragraph 28.

29. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 29.

30. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 30.

31. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 31.

32. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 32.

33. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 33.

WHEREFORE, Defendant, The City of Johnston City, demands that Plaintiff take nothing by Count I of his Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE.**

*COUNT II*

34. Defendant, The City of Johnston City, repeats and realleges its answers to Paragraphs 1 through 26 as and for its answers to Paragraph 34.

35. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 35.

36. Defendant, The City of Johnston City, admits that Tony Kendrick was acting as a police officer for The City of Johnston City, but otherwise denies each and every allegation of Paragraph 36.

37. Defendant, The City of Johnston City, denies each and every allegation of Paragraph 37.

WHEREFORE, Defendant, The City of Johnston City, demands that Plaintiff take nothing by Count II of his Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE**.

## *COUNT III*

38.     Defendant, The City of Johnston City repeats and realleges its answers to Paragraphs 1 through 26 as and for its Answer to Paragraph 38.

39.     Defendant, The City of Johnston City denies each and every allegation of Paragraph 39.

40.     Defendant, The City of Johnston City denies each and every allegation of Paragraph 40.

WHEREFORE, Defendant, The City of Johnston City, demands that Plaintiff take nothing by Count III of his Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE**.

## *FIRST AFFIRMATIVE DEFENSE*

NOW Comes the Defendant, The City of Johnston City, by Bleyer and Bleyer its attorneys and for its First Affirmative Defense to Plaintiff's Complaint, says:

1.     Plaintiff's Complaint fails to state a cause of action as a matter of law against this Defendant and the Plaintiff is not entitled to the recovery sought.

WHEREFORE, Defendant, The City of Johnston City, demands that Plaintiff take nothing by his Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

## *SECOND AFFIRMATIVE DEFENSE*

NOW Comes the Defendant, The City of Johnston City, by Bleyer and Bleyer, its attorneys, and for its Second Affirmative Defense to Plaintiff's Complaint, says:

1. At all times herein the Defendant, The City of Johnston City, is a local public entity and is not liable to the Plaintiff for its employees if its employees are not liable pursuant to Chapter 745, ILCS, Section 10/2-109.

WHEREFORE, Defendant, The City of Johnston City, demands that Plaintiff take nothing by his Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

### THIRD AFFIRMATIVE DEFENSE

NOW Comes the Defendant, The City of Johnston City, by Bleyer and Bleyer, its attorneys, and for its Third Affirmative Defense to Plaintiff's Complaint, says:

1. At all times herein the Defendant, The City of Johnston City, is a local public entity and is not liable to the Plaintiff for punitive damages pursuant to Chapter 745, ILCS, Section 10/2-102.

WHEREFORE, Defendant, The City of Johnston City, demands that Plaintiff take nothing by his Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

BLEYER and BLEYER
S/Joseph A. Bleyer
Attorney Registration No. 6193192
Attorneys for Defendant, The City of Johnston City

# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006, I electronically filed an Answer to Plaintiff's

Complaint on behalf of The City of Johnston City, with the Clerk of the Court using CM/ECF

System which will send notifications of such filing to the following:

JOHN C. RYAN                                  MICHAEL W. MAURIZIO
FEIRICH/MAGER/GREEN/RYAN       MICHAEL W. MAURIZIO & ASSOC.
2001 WEST MAIN STREET               1903 W. MAIN STREET
POST OFFICE BOX 1570                   POST OFFICE BOX 1849
CARBONDALE, IL 62903-1570         MARION, IL 62959-1849

I hereby certify that on February 3, 2006, I mailed by United States Postal Service, the

documents to the following nonregistered participants:

None

S/JOSEPH A. BLEYER

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:      (618)997-1331
Facsimile:      (618)997-6559
e-mail:          jableyer@bleyerlaw.com