IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KACEY B. ROUSEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 4:05-cv-4174-JPG |
| | ) |
| CITY OF JOHNSTON CITY, et al., | ) |
| | ) |
|    Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motions to Dimiss for Lack of Prosecution filed by the defendant, Tony L Kendrick on July 20, 2006 (Doc. 27) and filed by the City of Johnston City, on July 23, 2006 (Doc. 28). For the reasons set forth below, it is **RECOMMENDED** that both motions be **GRANTED**, that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The plaintiff filed his lawsuit on September 9, 2005 and he was represented at the time by attorney Jonathan R. Oliver (Doc. 1). On January 20, 2006, attorney Michael W. Maurizio replaced attorney Oliver (Doc. 12) and, on February 24, 2006, attorney Richard Whitney entered an appearance on behalf of the plaintiff (Doc. 16). However, by May 17, 2006, it appears that the plaintiff and his attorneys were having significant problems and each of his attorneys sought to withdraw. These problems included a breakdown in communication as the plaintiff failed to stay in contact with is attorneys (Doc. 17, Affidavit of Richard J. Whitney). The motion to withdraw as timely served upon the plaintiff in a manner consistent with the Local Rules.

On June 13, 2006, this Court granted attorneys Whitney and Maurizio leave to withdraw. This Court noted that neither the plaintiff nor another representative had entered an appearance.

This Court ordered to the plaintiff to secure new counsel or enter an appearance by June 30, 2006 (Doc. 22). This Court also set an in person scheduling conference to occur on July 19, 2006 at 2:00 p.m. Finally, this Court directed the Clerk's office to mail a copy of the Order to the plaintiff's last known address in Marion, Illinois. The plaintiff, however, failed to enter an appearance and no person purporting to represent the plaintiff appeared by the deadline.

On July 19, 2006, this Court called the scheduling conference. Attorneys K. Rockne Bleyer appeared for the City of Johnston City and attorney Kara L. Jones appeared for Tony L. Kendrick. The plaintiff failed to appear. In light of the failure to appear, this Court issued an Order to Show Cause which Ordered the plaintiff to show cause, in writing by August 2, 2006, why he failed to appear at the scheduling conference. The plaintiff also was warned that the failure to respond would result in a Report and Recommendation that this matter be dismissed for want of prosecution. The defendants subsequently filed the pending motions to dismiss.

The plaintiff has failed to respond to the Order to Show Cause as of the date of this Report and Recommendation.

## CONCLUSIONS OF LAW

First, the plaintiff failed to participate in the scheduling of this case, in violation of Federal Rule of Civil Procedure 16(f) and Local Rule 16, 2(a). The Court also notes that the plaintiff also has failed to respond to discovery requests propounded by the defendants on February 22, 2006. Second, the plaintiff failed to comply with this Court's June 13, 2006 Order by failing to enter a supplementary appearance. Finally, the plaintiff failed to comply with the July 19, 2006 Order to Show Cause by failing to respond by August 2, 2006. It is clear that the Plaintiff is failing to timely prosecute this matter and the has failed to comply with two Orders of

this Court. The Plaintiff has been adequately warned that the failure to participate will result in this Recommendation that his lawsuit be dismissed without prejudice. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006). The plaintiff has offered no excuse for the failure to prosecute. As such conduct should not be tolerated, this Court recommends that this matter be dismissed pursuant to Rule 16(f) and 37(b)(2)(C).

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for violations of the Federal Rules of Civil Procedure and that the Court adopt the foregoing findings of fact and conclusions of law. The Clerk is directed to mail this Report and Recommendation to the plaintiff at his addresses of record.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 31, 2006**

                                            **s/ Donald G. Wilkerson**
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**